**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 10-cv-01475-WJM-CBS

HOLLY ROMERO,

    Plaintiff,

v.

JACQUELINE A. BERRIEN, Chair, Equal Employment Opportunity Commission,

    Defendant.

---

**ORDER OF RECUSAL**

---

    After my confirmation as U.S. District Judge for the District of Colorado, I was reassigned this case as part of my new caseload. This case was randomly chosen from another District Judge to whom the case was originally assigned.

    Section 455(a) of Title 28 of the United States Code states that "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A trial judge must recuse himself when there is an appearance of bias, regardless of whether there is actual bias. *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995). The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

    This case involves former colleagues of mine from my time as the Regional Attorney of Defendant's EEOC's Denver District Office. I worked with the plaintiff in this case,

Enforcement Supervisor Holly Romero. I also worked with her former supervisor, Enforcement Manager Elizabeth Frank, and with Enforcement Supervisor Andrew Williams. Based on these prior work relationships, I have prior knowledge and thus pre-existing opinions regarding some of the facts and issues presented in this case. I find that a reasonable person would harbor doubts about my impartiality. As a result, recusal is required by 28 U.S.C. § 455(a), and I hereby recuse myself from this case. It is therefore

ORDERED that the Judge's file be returned to the Clerk's office for the case to be reassigned by random draw.

Dated this 2nd day of March, 2011.

BY THE COURT:

s/ *William J. Martínez*
United States District Judge